## THEODOSUS F. SECOR v. GEORGE LAW.

*Liability upon agreement to pay third party—Power of Referee to allow Amendment—Code, §§ 272, 173.*

Where a person receives money upon an agreement to pay the demands of a third party against those from whom he received the money, he is liable, upon such promise, to pay the same to the party entitled, irrespective of the legal obligations of the party paying the same.

*J. H. Reynolds* for Respondent.
*Allen & Hutchings* for Appellant.

Grover, J.—The testimony excepted to by Defendant, which was received by the referee, related to two questions:

First. Whether the Defendant was individually liable upon the demands in suit, or only jointly with Roberts and others, as set forth in the answer; and,

Second. Whether the Defendant had any valid claim for damages consequent upon the failure of the Plaintiffs and their assigns to complete the boilers and machinery in question within the time fixed by the contract for that purpose.

The facts found by the referee, wholly independent of such testimony, conclusively determine the rights of the parties upon both questions, and it is therefore wholly immaterial whether such testimony was competent or not.

As to the first question, the referee found that, before the commencement of the action, the associates of Defendant paid him their respective shares of the demand in suit, and that he agreed with them to pay and satisfy the Plaintiff therefor. This rendered him individually liable to the Plaintiffs upon such demand, irrespective of the question whether he was so liable upon the contract (Lawrence v. Fox, 20 N. Y. 268). In that case it was decided by this Court, that an action could be maintained upon a promise made by the Defendant, upon a valid consideration to a third person, for the benefit of the Plaintiff, although the latter was not privy to the consideration. It was further held, in the same case,

that a creditor could maintain an action against a person who had borrowed money of his debtor, on a promise to pay the amount to the creditor.

The present case falls directly within the principle of this case. Thus, from the facts found by the referee, the Defendant was allowed this demand by his associates, upon a settlement between them, and was paid by them their respective shares, and in consideration thereof he promised to assume and settle the demand with the Plaintiffs. The Defendant was individually liable to the Plaintiff upon this contract.

The referee had the same power to allow an amendment as the Court has upon a trial (Code, § 272). The Court (§ 173) has power upon trial to amend by inserting additional allegations, and to conform the pleadings to the proof. These sections authorized the amendment allowed by the referee.

Upon the question of damages for the delay claimed by the Defendant, the referee found, in substance, that the parties settled their respective demands, including the claim for damages, and liquidated and agreed upon the sum due the Plaintiffs, which the Defendant, in consideration thereof, promised to pay. This Court is concluded by such finding, as it was made upon conflicting evidence, and the facts so found constitute a bar to the Defendant's claim for damages.

The conclusions of law by the referee upon the facts found were correct.

The judgment must be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,<br>State Reporter.