PRISCELLA C. HUTCHINGS, Appellant, *v.* JULIUS T. MINER, Respondent.

Where a policy of insurance upon the life of one is made payable to and held by another, but is so held in whole or in part for the benefit of the insured, or of whomsoever he shall designate, the insured has the power to revoke *pro tanto* the authority of the holder, or to change the conditions of the holding, and to annex to it new conditions. And if the insured suffers it to remain in the possession of the holder, upon his promising to pay a debt of the insured out of the avails of the policy when collected, this is a valid consideration for the promise; and the creditor for whose benefit it was made, although having no knowledge of it at the time, can affirm and enforce it.

So, if no direct promise was made by the holder, if the insured made the request to and laid the duty upon him, and he did not decline, or offer to give up the policy or the interest of the insured therein, but retains it and receives the whole amount, his consent is to be presumed, and it is equivalent to an express promise.

(Argued November 13th, 1871; decided November 20th, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court in the eighth judicial district, entered upon an order denying motion for new trial, and directing judgment in favor of defendant.

The complaint in this action alleges, that plaintiff lent to Henry B. Burt $518.60, to secure the payment of which Burt procured a policy of insurance on his life for $1,000, payable to the defendant. That on the day of his death, Burt directed the defendant to pay the plaintiff so much of the insurance money, as would be sufficient to pay her debt against Burt.

That defendant then promised Burt that he would so pay the plaintiff.

That Burt died on the 8th day of January, 1868. That the insurance money was afterwards paid to the defendant, of whom the plaintiff demanded the payment of her said debt, which was refused.

The answer admits, that defendant received of Burt the policy of insurance as alleged in the complaint, and that he received of the insurance company on said policy the sum of about $900, and denies every other fact in the complaint contained.

The plaintiff on the trial of the cause gave evidence, proving that she lent to Burt the sum of $518.60 at the time, and in the manner stated in the complaint.

That after the defendant had received the money on the policy, she demanded of him that he should pay her said debt, which he refused to do. And gave evidence, tending to prove, that when Burt delivered said policy to defendant, he informed defendant that the policy was for the purpose of securing and paying such debts as the one he owed the plaintiff. And gave evidence tending to prove that Burt, in his last sickness, the last day of his life, directed the defendant to pay the plaintiff's demand out of the insurance money, and that defendant promised Burt that he would so pay her.

The court nonsuited the plaintiff.

*B. H. Austin, Jr.,* for appellant. An action lies on a promise made by the defendant, upon valid consideration, to a third person for the benefit of the plaintiff. (*Lawrence* v.

*Fox*, 20 N. Y. R., pp. 268, 270, 271, 273, 274; *Sailly* v. *Cleve-
land and Hutton*, 10 Wend., 156, 161; *Elwood* v. *Monk*, 5
Wend., 235; *Schemerhorn* v. *Vanderhuyden*, 1 John. R., 139;
*Dingledein* v. *Third Avenue R. R. Co.*, 5 Trans. Appeals,
155.)   The money received was a trust fund, and an express
promise on an order to pay plaintiff out of it can be enforced.
(*Williams* v. *Fitch*, 18 N. Y., 546, 548, 550; *Day* v. *Roth*,
18 N. Y., 448, 453; *Bradley* v. *Root*, 5 Paige, 632, 641;
2 Story's Eq., 972.)   A policy of life insurance not a contract
of indemnity, but governed by the same rules as other con-
tracts.   (3 Kent's Com., 439; Angel on Life In., 298; *Eadie*
v. *Sherman*, 26 N. Y., 917; *Campbell* v. *N. E. Mut. Ins. Co.*,
98 Mass., 381, 389, 400; *Valtere* v. *Nat. L. F. L. A. S.*, 22
Barb., 36, 39; 3 Ker., 31, 41; *Loomis* v. *E. L. and H. Co.*,
6 Grey, 396; *Dalby* v. *L. L. A. Co.*, 15 C. B., 365; *Green*
v. *Hart*, 1 John., 580; *Canfield* v. *Mongen*, 12 J., 346; *Pres-
cott* v. *Hall*, 17 J., 284.)   By the acts of Burt and defendant,
a *donatio causa mortis* may be established.  (*Wells* v. *Tucker*,
3 Birm., 366; *Drury* v. *Smith*, 1 P. W., 404; *Borneman* v.
*Sedlinger*, 3 Shopley, 429; *Huntington* v. *Gilmore*, 14 Barb.,
243, 246.)

*J. C. Strong*, for respondent.

FOLGER, J.   This case was tried at circuit by the court
with a jury.   The learned justice who presided, ruled that the
plaintiff should be nonsuited; and it is on the exception to
that ruling, that the case comes before us.   We must assume
then that the jury would have found in favor of the plaintiff
every fact, which the proofs given will legitimately establish.

The policy of life insurance by its terms was payable to
the defendant; and had, from a short time after it was issued
to the intestate Burt, been in the possession of the defendant.
But testimony was given without objection, which tended to
show, that notwithstanding this, it was held by the defendant
on some agreement between him and Burt, made at or near
the time of its issuing, not alone for the benefit of the defend-

ant, but for the use of Burt as well. There was also testimony given which tended to show, that it was taken out to meet from the avails of it, any pecuniary obligations incurred by Burt, without their being defined or specified as to amount, or kind, or owner, further than that they were such as this of the plaintiff; and that Burt had borrowed small sums of the defendant. And the testimony tended to show, that the defendant was also charged by Burt, with the duty of expending some of the avails upon Burt's lot in the graveyard. Had the case been given to the jury, it would have been for them to have determined just what the conditions were, under which the policy was made payable to the defendant, and was held by him.

If the jury had found that the conditions were such that the defendant held it, in whole or in part for the benefit of Burt, or for the benefit of whomsoever Burt should designate, it was in the power of Burt to revoke *pro tanto*, the authority given by him to the defendant, and to change to such extent the conditions of his holding, and to annex to his holding new conditions, and then to name to whom a portion of the avails of it should be paid. We are not to say that they might not have so found. Had the jury gone so far, then there was testimony tending to show that Burt, while he had such power to recall it from the defendant, and to make of it other disposition, did nevertheless permit it to remain in the possession of the defendant, on his promise to Burt to pay from the avails of it, enough to satisfy to the plaintiff her unpaid note of $500, made to he, by Burt. And this would be in legal effect, the same as i Burt had then originally committed it to the defendant for that purpose, on receiving from him that promise. ( *Williams* v. *Fitch*, 18 N. Y., 546.) It is true that the testimony of the witness, Mr. Box, who alone speaks to an express promise, is not positive as to it, and gives only his best recollection. But this a jury may consider and ponder as they see fit.

But if the jury from his testimony would not have found an express promise, there was other from which they could

have found that Burt made the request to, or laid the duty upon the defendant, that out of the avails of the policy he should thus pay the plaintiff; that having the policy in his hands, subject to the power in Burt to recall it or an interest in it therefrom, and in other hands to devote it to the object of his intense desire, the defendant listened to the request, did not decline to accede to and carry it out, did not offer to give up the policy or any interest in it, but retained it and received upon it nearly the whole amount of it. From this the jury could presume, that he assented to the terms on which it was left, in effect put, in his possession and control. (*Berly* v. *Taylor*, 5 Hill, 577; *Hall* v. *Marston*, 97 Mass., 575.) Such conduct on his part, if found by the jury, was equivalent to an express promise made to the plaintiff. (*Weston* v. *Barker*, 12 J. R., 276.)

Had the jury gone thus far, the defendant would be found by them coming into the possession of a fund, under an agreement with Burt based upon a valid consideration, to hold the same until available; and when availed of, to pay over the same for the benefit of the plaintiff. She could then, though the agreement was made without her knowledge at the time of its making, affirm it and enforce it against him. (Com. Dig. Action on Case. Asst. B., 15; *Neilson* v. *Blight*, 1 Johns, Cas., 205, cited in *Cumberland* v. *Codrington*, 3 J. C. R., 261; *Weston* v. *Barker, supra.*) And this she could do in an action at law. (Cases last cited.)

This case would then fall within the principle laid down in *Lawrence* v. *Fox* (20 N. Y., 268), and recognized and approved in many cases since that was decided. (*Secor* v. *Lord*, 3 Keyes, 525; *Van Schaick Exr's* v. *Third Ave. R. R.*, 38 N. Y., 346; *Burr* v. *Beers*, 24 N. Y., 178; *Freeman* v. *Auld*, 44 N. Y., 55), to wit: where A for a valid consideration promises B to pay C, C may maintain an action on the promise, though not privy to the consideration.

The testimony tended too, to make a case such as appears in *Williams* v. *Fitch, supra.* Here, as there, the defendant was in possession of property of an owner, which might have

been recalled from him, and other disposition made of it. In consideration that it was not so recalled and otherwise disposed of, he promised to the owner that he would hold it for the benefit of another. Here, as there, the defendant held the funds in question, upon a trust, for the benefit of that other, who was consequently entitled to recover them. In that case an action at law for money had and received to the use of the plaintiff was sustained.

Of course, all that we have said is subject to the qualification, that the jury would have found from the testimony a state of facts, such as we have assumed they might have done. If the defendant had been put to his defence, the testimony might have been materially varied.

If the jury had thus viewed the testimony, they would have found a valid agreement, *inter vivos*, by which the owner of a contract set aside a portion of the probable avails of it, to the payment of a lawful debt against him.

It was in no sense a testamentary disposition, nor a *donatio mortis causa*. Nor does a question arise under the statute of frauds. (*Farley* v. *Cleveland*, 4 Cow., 432.) Nor would any rights of administrators of the owner's estate intervene between the plaintiff and the fund. Nor would the action of the defendant in fulfilling his agreement, by collecting and receiving the avails of the policy and paying to the plaintiff the amount of her note, be hampered necessarily by any question as to the proper disposition of what remained after she was paid. The testimony tended to show, that at first Burt was desirous that all the indebtedness against him, or more than that of the plaintiff, should be paid by the defendant from the avails of the policy. But that on perceiving their insufficiency therefor, his mind fixed upon the payment of the note of the plaintiff as a prime purpose. Now, whatever the claims of the defendant against Burt, for which he could insist that the policy was pledged, so far as appears from the testimony, they were not so large as that the payment of them would not leave of the fund a sum over $500. It was then, when the defendant was paid the sum of $900

upon the policy, as if there were set apart in his hands enough of that to pay the plaintiff's note, to which no one else, so far as the testimony tends to show, had any claim. And if after that amount was set apart there was a residue, it was held by him, subject to any legal claim of Burt's creditors or personal representatives.

The judgment of the court below should be reversed, and a new trial ordered with costs to abide the event of the action.

All concur.

Judgment reversed.