THE GRAND LODGE OF A. O. U. W. OF TEXAS ET AL. v. E. S. JONES.

Decided November 20, 1907.

**Benefit Insurance—Trust—Assessments Paid by Creditors—Change of Beneficiary.**

A fraternal beneficiary association, the laws of which provided that the beneficiaries must be members of the family or related by blood to the assured; that they had no vested right in the certificate till his death; that it constituted no part of the estate of assured; and that he had no right in or control over the same except to designate the beneficiaries and to change such designation while living at any time, in accordance with the rules of the association, could not be enjoined, at suit of a creditor, who had kept the certificate alive by payment of assessments under an agreement transferring it to a

trustee for securing repayment, from changing the certificate, in accordance with its laws, by making, at direction of assured, a new designation of beneficiaries, and defeating thereby the claim of the creditor to reimbursement from its proceeds.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Smith & Wall,* for appellant.—The benefits of a fraternal beneficiary association under the laws of Texas are payable to the families, heirs, blood relatives, affianced husband or affianced wife, or persons dependent upon the member of said association at the time of his death; such benefits are not liable for the debts of the beneficiary or holder of the certificate, and can not be taken, seized, appropriated or applied by any legal or equitable process or by operation of law to debts of the certificate holder or any beneficiary named in such certificate or any person who may have any rights thereunder. Secs. 1 and 11, chap. 115, Acts Twenty-Sixth Leg.; United Ben. Assn. v. Johnson, 98 Texas, 1; Kentucky Masonic Mut. Ins. Co. v. Miller, 13 Bush., 489; American L. of H. v. Perry, 140 Mass., 580; Boasburg v. Cronan, 9 N. Y. Supp., 664; Hoeft v. K. of H., 113 Cal., 91; Bacon's Benefit Soc., 3d ed., secs. 244-244a.

The courts of this State will not lend their aid to the maintenance or enforcement of a contract made in violation of the laws of the State. Secs. 1 and 11, chap. 115, Acts Twenty-Sixth Leg.; Read v. Smith, 60 Texas, 379; Keith v. Fountain, 3 Texas Civ. App., 391; Wiggins v. Bisso, 92 Texas, 219.

No such equity exists in favor of the creditor as will enable him to enjoin the association from making the change in beneficiaries last requested by the member. Ancient O. U. W. v. Cleghorn, 42 S. W. Rep., 1045; Splawn v. Chew, 60 Texas, 534; Byrne v. Casey, 70 Texas, 247; Knights & L. of H. v. Burke, 15 S. W. Rep., 45; 1 Bacon Benefit Soc., sec. 244a.

The beneficiary's interest in a certificate issued by a beneficiary association, where the right to substitute other beneficiaries is reserved to the member, is the mere expectancy of an incomplete gift, which is revocable at the will of the insured, and which does not and can not be vested as a right until fixed by the member's death. Bacon's Benefit Soc., sec. 304; Holland v. Taylor, 111 Ind., 121; Hoeft v. K. of H., 113 Cal., 91.

A vested right is property which the law protects, but one can not be defrauded of that in which he has no vested right; a mere expectancy is not property, and is not protected by the law. Hoeft v. K. of H., 113 Cal., 91; Sabin v. Grand Lodge, 8 N. Y. Supp., 185; Luhrs v. Lodge, 7 N. Y. Supp., 487; In re O'Hara's Will, 95 N. Y., 403.

Where an association is incorporated for the purpose of raising a fund in the event of a member's death, by assessments on the other members of the order, for a particular purpose set forth in its contract of insurance and in the law under which it is organized, it is without authority to raise it for a different purpose. Kentucky Masonic M. Ins. Co. v. Miller, 13 Bush., 489; Ferbrache v. Grand Lodge, 81 Mo.

App., 270; Keener v. Grand Lodge, 38 Mo. App., 543; Wagner v. Benefit Soc., 70 Mo. App., 161; American Legion of Honor v. Perry, 140 Mass., 580; Daniels v. Pratt, 143 Mass., 221; Bishop v. Grand Lodge, 112 N. Y., 627; National Mut. Aid Assn. v. Gonser, 43 Ohio St., 1; K. of H. v. Nairn, 60 Mich., 44; Sabin v. Grand Lodge, 8 N. Y. St., 185; Maryland Mut. B. Soc. v. Clendinen, 44 Md., 429; 1 Bacon's Benefit Soc., sec. 244 et seq.

A creditor not being in the class for whose benefit such associations were formed can not be the beneficiary. Boasburg v. Cronan, 9 N. Y. Supp., 664; Clarke v. Schwartzenberg, 164 Mass., 347; National Exchange Bank v. Bright (Ky.), 36 S. W., 10; Green v. Roworth, 113 N. Y., 467.

The payment of the assessments by one not included in class of stipulated beneficiaries raises no equity that will entitle the one so paying to the insurance money. Ancient O. U. W. v. Cleghorn, 42 S. W. Rep., 1045; Knights & L. of H. v. Burke, 15 S. W. Rep., 45; Price v. K. of H., 68 Texas, 361; Masonic Ben. Assn. v. Bunch, 109 Mo., 560; Clark v. Supreme Council, 176 Mass., 468; Webster v. Welsh, 68 N. Y. Supp., 58; Cade v. Head Camp, 27 Wash., 218.

*Galloway & Vowell, J. P. Adamson* and *R. L. Caruthers,* for appellee.—The statute of Texas was not intended to protect a certificate against the voluntary acts of the member and beneficiary, but only against the forced sale or seizure under the law, if it applies to the certificate in this case at all. Jarvis v. Binkley, 69 N. E., 582; 206 Ill., 541; McGrew v. McGrew, 60 N. E., 861; 190 Ill., 604.

It is not against the law to make a beneficiary certificate payable to a trustee for the beneficiary. Wolf v. Pearce, 45 S. W. Rep., 865.

Under John I. Hedrick, son and beneficiary, and under the contracts made both by him, the beneficiary, and by the member, the insured, with appellee, the trustee, appellee, through and under John I. Hedrick, acquired such an equity as authorized the judgment in this cause. Coleman v. Anderson, 98 Texas, 570; Kendall, Adm'r, v. Morrison, 33 Texas Civ. App., 345; Jarvis v. Binkley, 69 N. E., 582; 206 Ill., 541; Carter v. Carter, 72 N. E. (Ind.), 187; Bacon Ben. Soc., 3d ed., sec. 306a; Smith v. National Ben. Soc., 25 N. E. (N. Y.), 197.

Though the beneficiary's interest in the certificate is a mere expectancy, it is the subject of contract. Anderson v. Coleman, 98 Texas, 570; Jarvis v. Binkley, 69 N. E., 582; 206 Ill., 541; Carter v. Carter, 72 N. E. (Ind.), 187; Leaf v. Leaf, 17 S. W., 354; 92 Ky., 166; Pomeroy Eq. Jur., 3d ed., sec. 1275, note b, 1286; Bispham's Eq., secs. 162 to 167.

Even where an assignment of a policy is void, the payment of assessments on the faith of the certificate, as security, has been and ought to be protected. Cheeves v. Anders, Adm'r, 87 Texas, 287, 294; Schonfield v. Turner, 75 Texas, 324; Levy v. Taylor, 66 Texas, 652.

Under the original contract made in 1880, as well as the statutes of Texas then in force, the certificate was payable to such person or persons as the member, while living, might choose to designate, which right could not be taken away by subsequent amendments, and which persons would embrace a creditor to the extent of his debt. Grand

Lodge A. O. U. W. v. Stumpf, 24 Texas Civ. App., 309; O'Malley v. Grand Lodge A. O. U. W., 89 S. W. Rep., 68 (Mo. App.); Morton v. Sup. C. R. League, 73 S. W. Rep., 259; 100 Mo. App., 76; Parish v. New York Produce Ex., 61 N. E. Rep. (N. Y.), 977; Tebo v. Sup. C. R. Arc., 93 N. W. Rep. (Minn.), 513; Voight v. Kersten, 45 N. E. Rep. (Ill.), 543; Hicks v. N. W. Aid Assn., 96 S. W. Rep. (Tenn.), 962; 1 Bacon Ben. Soc., 3d ed., secs. 83, 84, 86, 187, 188a, and the last sentence of sec. 244; also 246.

Prima facie a member can designate any one allowed by statute, and the statutes are construed not to apply to existing contracts. Same as next above. Bacon Ben. Soc., sec. 252.

Contrary to the express terms of a policy, the insured and the beneficiary may so contract as to vest in the beneficiary an irrevocable right to payment, the court giving effect to the fundamental principles of justice, nor will a literal construction be followed that leads to absurd consequences. Box v. Lanier, 79 S. W. Rep. (Tenn.), 1042; cases cited above; Foglesong v. Modern Bro. of Am., 97 S. W. Rep., 240.

RICE, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of said county on the 11th of October, 1905, by appellee, against appellants, and also against H. C. Hedrick, John I. Hedrick, Vivian Hedrick, Sallie Hedrick and Annie Ainsworth, guardian of Vivian Hedrick and Sallie Hedrick, who were minors, to enjoin the Grand Lodge of Ancient Order of United Workmen and subordinate lodge of the order at Sherman from changing a benefit certificate issued to H. C. Hedrick on his life for $998, payable in the event of his death to appellee, as trustee for H. C. Hedrick's son, John I. Hedrick, so as to make Will A. Hassell, Sr., trustee for Vivian and Sallie Hedrick, grandchildren of H. C. Hedrick, the beneficiaries therein. When the suit was instituted a temporary injunction was prayed for and granted. The case was tried, and judgment rendered perpetuating the injunction, and appellants have appealed from said judgment.

Appellee alleged and proved that in 1880 H. C. Hedrick became a member of the subordinate lodge of the Ancient Order of United Workmen at Sherman, Texas, and took out a certificate of insurance therein for the sum of $2,000, payable at his death to his sons, Julian and John I. Hedrick, if at the time he was in good standing in the order. The said Ancient Order of United Workmen is a fraternal beneficiary association, and was incorporated in 1890 under the laws of this State, and is represented by a Grand Lodge of the State and subordinate lodges and their respective officers, which subordinate lodges derive their power and authority from the Grand Lodge, and said subordinate lodges and their officers are the agents and representatives of the order. It has a subordinate lodge at Sherman, Texas, of which S. P. Tutton is Master Workman and L. S. Bonham is Recorder. That in order to obtain insurance in said order it was necessary for the party to become a member of the subordinate lodge; and, in the event of a loss, all the surviving members were assessed sufficient sums to raise the amount required to pay off the policy or certificate of the deceased member. That H. C. Hedrick, in March, 1890, then being a member of such lodge, became involved in debt to plaintiff and others, which he was

unable to pay, and that his son, John I. Hedrick, then being the sole trustee of said benefit certificate, executed to one Sporer (with the apparent consent of said H. C. Hedrick) a certain instrument in writing, whereby he undertook to sell, transfer and set over said policy or certificate to said Sporer, as trustee, for the purpose of collecting said policy, and after paying off said indebtedness to plaintiff and others, as well as all assessments which were paid by them to keep said policy alive, which it was recited they were to do, then the balance should be paid as follows: one-third to said John I. Hedrick's estate and two-thirds to be paid to Mrs. Annie Ainsworth, as guardian for said two minor children, Vivian and Sallie, to be equally divided between them. That plaintiff and the other creditors named in said instrument thereafter paid all the dues and assessments made by the order against said H. C. Hedrick; that the said John I. Hedrick and H. C. Hedrick were insolvent and financially unable to do so. That on the 13th of June, 1904, H. C. Hedrick had some adjustment with his said creditors, including plaintiff, whereby the amounts then due to each of them were agreed upon, but no money was paid them; after which he executed to plaintiff an instrument of writing, whereby he recited that he had caused to be issued to plaintiff, as trustee for his son John I. Hedrick, two certain policies of insurance on his life, one for $998, in this order, and the other for $2,000 in the Knights of Honor, and declared that said plaintiff and his son, John I., should carry out the following trust, to wit: That upon collection of said policies the said plaintiff, as trustee, should pay off the obligations he then owed, naming same, including the amount due to plaintiff, reciting that the bulk of said indebtedness was for moneys advanced to pay off the premiums and assessments on said two policies; that the balance of said proceeds from said two policies should be invested and used by his son John I. Hedrick, one-half for the education and maintenance of his two grandchildren, Vivian and Sallie, and the other half for the education and maintenance of the children of the said John I. by his second wife; providing, however, that the expenses of last illness and burial should first be paid. That on said 13th of June, 1904, said Hedrick made application, in due form, for a certificate to issue to plaintiff, as trustee, without bond, for the benefit of John I. Hedrick, and on the 25th of June, in pursuance of said application, the Grand Lodge A. O. U. W. issued a certificate in accordance with the laws of the Order, and in regular form, as follows, to wit:

"No. 799. This certificate issued by the Grand Lodge of the Ancient Order of United Workmen of the State of Texas, witnesseth: That Brother H. C. Hedrick, a workman degree member of Sherman Lodge No. 17 of said Order, located at Sherman, in the State of Texas, is entitled to all the rights, benefits and privileges of membership in the Ancient Order of United Workmen, and to designate the beneficiary to whom the sum of two thousand dollars of the beneficiary fund of the Order shall at his death be paid. This certificate is issued subject to and is to be construed and controlled by the laws of the Order. He designates as his beneficiary under the terms hereof Ezekial S. Jones, trustee without bond for John I. Hedrick, bearing to him the relation of son."

That by endorsement on said certificate by the duly authorized officers of the Grand Lodge, with consent of the assured, the amount of said policy payable at death of the insured was reduced to $998. That it was necessary in order to keep said certificate alive thereafter for said H. C. Hedrick to pay thereon the sum of 50 cents per month, which payment was made and the policy kept alive by said appellee till November 24, 1904, when the Recorder of said Order refused to accept any further fees from appellee, stating that he had other instructions. That, on the 26th of November, 1904, the said H. C. Hedrick, in due form, made application to the Grand Lodge of A. O. U. W., revoking his former direction as to payment of beneficiary fund due at his death, and authorizing and directing said payment to be made to Will A. Hassell, Sr., as trustee without bond, for the use and benefit of Vivian and Sallie Hedrick, his grandchildren. That in pursuance of said instruction the said Order by its Grand Lodge, on the same day, executed another certificate on the life of said H. C. Hedrick for said sum of $998, in substance the same as the certificate theretofore issued by said Order, but instead of being payable to appellee, as trustee, the same was made payable to Will A. Hassell, Sr., trustee without bond, for the use and benefit of Sallie and Vivian Hedrick, grand-children of said H. C. Hedrick, which said certificate had been duly signed, sealed and issued by the proper officers of said Grand Lodge, and had been accepted by said H. C. Hedrick, and was then, on October 11, 1905, in the hands of the officers of the subordinate lodge at Sherman, awaiting their signatures, when it would become, under the laws of said Order, a valid and binding obligation, and which, it was alleged, they were about to sign when said Order and the officers of its grand and subordinate lodge at Sherman were enjoined from further action in reference to the changing of said beneficiary certificate.

Appellants answered with a general demurrer, special exceptions, general denial and by special answer, alleging that they were incorporated January 2, 1900, under the provisions of the Acts of the 26th Legislature, by which they were governed; and that if it was true, as alleged by plaintiff, that a certificate was issued to him as trustee for John I. Hedrick ostensibly, yet it was in fact to secure the creditors, as alleged by plaintiff, then said certificate was issued in fraud of the rights of appellants and is void. That the benefits of said Association, under said laws, are payable to the families, heirs, blood relatives, affianced husband or affianced wife, or persons dependent upon a member of said Order at the time of his death, and to no other person. That such benefits are not liable for the debts of the beneficiary or holder of any certificate, are not subject to garnishment or other process at the suit of any creditor, and can not be taken, seized, appropriated or applied by any legal or equitable process, or by the operation of law to the debts of the certificate holder or any beneficiary named in such certificate or any person who may have any rights thereunder. And further that John I. Hedrick is a son of H. C. Hedrick, that Sallie and Vivian Hedrick are minor grand children of H. C. Hedrick. That on the 19th of March, 1900, and since the said time, the following laws

governing the Ancient Order of United Workmen were and have been in force, to wit:

"5.—Beneficiaries. Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family or someone related to him by blood, or who shall be dependent upon him. . . . Provided, further, that the designation shall not be in violation of or in conflict with any law regulating and defining fraternal beneficiary societies or other laws of the State, territory or province within which the Grand Lodge so issuing such certificate is situated.

"6.—In the portion of this fund to which the beneficiaries of a deceased member are entitled, the members themselves have no individual property right; it does not constitute a part of their estate to be administered, nor have they any right in or control over the same except the power to designate the person or persons to whom, as beneficiaries the same shall be paid at the death of the member. The beneficiaries thus designated have no vested right in said sum until the death of the member gives such right, and the designation may be changed by the member and a new certificate issued to him in the method prescribed by the laws of the order, at any time before his death.

"7.—Change of Beneficiaries. Any member while living, desiring to change his beneficiaries, may do so on the back of his beneficiary certificate authorizing the change; he shall have his signature attested by the recorder of his lodge, and the seal of the lodge attached thereto, or attested by a civil officer under his official seal, when the member can not sign in the presence of the recorder. When this is done he shall deliver his beneficiary certificate to the recorder of his lodge, together with a fee of fifty cents. The recorder shall forward the said certificate and fee to the Supreme Recorder, who shall make a record of the change on the books of the Supreme Lodge, and shall issue a new certificate in lieu thereof, payable as directed on the back of the surrendered certificate. The new certificate shall bear the name and number of the old one, which shall be safely filed and preserved. The provisions hereof, in special cases, may be waived by the Supreme Lodge at its option."

It was shown that E. S. Jones is not related to H. C. Hedrick. That of the indebtedness owing to appellee Jones by Hedrick, $242.30 was for money paid by Jones on assessments and dues owing by Hedrick to the Order, and which payments were necessary for keeping alive the insurance of said Hedrick in said Order.

The allegations of the petition, as well as of the special answer, were sustained by the evidence.

Appellants complain in their first assignment of the action of the court in overruling their general demurrer to plaintiff's petition; and by their second assignment, claim that the court erred in rendering judgment enjoining defendants from changing the beneficiary certificate of H. C. Hedrick, because, under the laws of the State, plaintiff Jones had no such interest in the beneficiary fund as entitled him to the relief prayed for, because said fund under the laws was

not subject to be appropriated to the debts of a member of said Order.

It will be recalled that the laws of the Order expressly grant the privilege to any member to change the beneficiary, only limiting the exercise of this privilege to the designation of some person or persons falling within the class named, to wit: some member or members of the assured's family, or someone related to him by blood, or who shall be dependent upon him; and further provided that such designation should not be in violation of or in conflict with any law regulating and defining fraternal beneficiary societies, or other laws of the State. It will be further remembered that the laws of the Order provide that the assured himself has no individual property right in the fund thus intended to be raised, and the same constitutes no part of his estate; nor did he have any right or control over the same, except to designate the person or persons. to whom, as beneficiaries, the same should be paid at his death; and that the beneficiaries thereunder had no vested right in said sum, until the death of the member gave said right.

The question here presented for determination is not whether the certificate issued to the appellee, as trustee for the benefit of the said John I. Hedrick, was valid or not, but merely whether the assured, granting the same to be regular and valid, could make a new designation of a beneficiary, and whether or not the Order itself had the right and was required to recognize his privilege of so doing, and issue a new certificate in lieu of the former. We do not think this question is an open one in this State. Since the case of Splawn v. Chew, 60 Texas, 532, this right seems clearly to exist. Judge Willie in that case, delivering the opinion of the court, says: "It seems to be well settled by authority that in cases of an ordinary life insurance policy, the beneficiaries named in such policy become the owners of it the moment it is issued, and the person procuring the insurance can not, by any subsequent act of his, transfer to others the interest of those beneficiaries. The principle upon which this doctrine rests is that 'the rights under the policy become vested immediately upon its being issued, so that no person other than those designated in it, can assign or surrender it.' The person procuring the insurance is held to divest himself of all interest in the policy and to vest it exclusively in the beneficiaries, and to make an irrevocable settlement upon them of the amount for which the policy is issued. (Ricker v. Charter Oak Life Ins. Co., 27 Minn., 193.) But this is merely a matter of legal construction obtaining where a different understanding is not had between the original parties to the contract. The law does not prohibit the person procuring the policy from entering into such arrangements with the insurer as may be agreed on, either as to the persons who are to receive the benefit of the policy, or as to what control over it the assured is to exercise. In these respects an insurance policy does not differ from any other contract authorized by law, and should be subject to the same interpretation. The person procuring a policy for the benefit of another may reserve the right to change this designation in whole or in part, and the law will respect any

change he may make in the beneficiaries of the policy in pursuance of such right. (Bliss on Life Insurance, sec. 318; Hutchins v. Miner, 46 N. Y., 456.) In such case there is no indefeasible interest in the insurance money vested in the beneficiaries named in the policy, nor settlement made upon them which can not be revoked. Such reservation being allowable, may be made expressly in the policy or may become a part of it by being included in any instrument or paper which enters into the insurance contract."

In the case just quoted from E. J. Chew took out a beneficiary certificate in the American Legion of Honor, payable to W. R. and Helen Chew, his father and mother. He was a member of a local lodge of that Order, by reason of which he obtained the certificate. Thereafter he made his will bequeathing this benefit certificate and the proceeds of it to his two minor children and his wife during her widowhood, naming his executors and appointing guardians of said minor children. The will after his death was duly probated, and the beneficiaries named in the certificate and the guardian and executors both claimed the money secured by said certificate, and which had been collected and deposited in bank, subject to the judgment of the court in the case. The mother and father, beneficiaries named in the certificate, filed suit as against the guardian and executors, setting up the facts, the court below rendered judgment for the plaintiffs, directing the payment of the fund by the bank to them. An appeal was taken from said judgment, and the only question for determination in the case was whether or not, under the laws of the order, the assured had the right to change the beneficiaries as he undertook to do. It was shown that the rules and regulations of the Order granted this privilege to the assured. The Supreme Court reversed and rendered the judgment in favor of the executors of the estate and guardian of the children, holding that the assured had a right to change the beneficiary, and that the original beneficiaries named in said certificate had no vested right or interest therein.

Since the decision of that case, our Supreme Court in the case of Byrne v. Casey, 70 Texas, 247, reviewed and approved the doctrine announced in Splawn v. Chew, supra, from which time it seems to have been followed in this State. This doctrine has recently been applied in the late case of Fuos v. Dietrich, 101 S. W. Rep., 291, wherein the court say that under a life policy, providing that the insured might change the beneficiary at any time during the continuance of the policy, the interest of the beneficiary was subordinate to that right, and a new beneficiary might be substituted without the consent of the old. But appellee seems to contend that the present case is differentiated from the cases heretofore cited in this, that in the present case appellee had paid out, under and by virtue of the contracts made by both the beneficiaries and the assured, and which were introduced in evidence, a considerable sum of money for assessments and dues, for the purpose of keeping said benefit certificate or policy alive, and without which the same would likely have lapsed, said assured and his son being unable to pay same. Wherefore, he contends that he has a vested interest in

said certificate and an equitable right to the proceeds of same, and cites in support of his contention the case of Coleman v. Anderson, 98 Texas, 570.

We do not think that said case is in point, and believe the same is easily distinguishable from the case at bar. In Coleman v. Anderson, supra, the contention was not between the company or order issuing the certificate and the plaintiffs, but it was a contention for the possession of the certificate solely between the plaintiffs, one of whom was the beneficiary and the other the assured and the pledgees holding said certificate under assignment from the beneficiary for monies paid out by them during long series of years for the purpose of keeping said certificate alive; and therefore is not decisive of the point at issue herein, but, on the contrary, the right contended for by appellants in this case, to wit: that of changing the beneficiary in the certificate seems to have been expressly recognized in said case.  Judge Williams, delivering the opinion in that case, says in part:

"In Schonfield v. Turner, 75 Texas, 329, there are expressions to the effect that the member owned a beneficial interest in the certificate, and that the beneficiary who had no insurable interest in the life of the member, held it in trust for the member; but the certificate there in question was issued at the time when the member was allowed by the order to make it payable as he may direct, and this would have permitted him to make it payable to his estate. At least, this much was evidently assumed, since the court held that as the named beneficiary had no insurable interest beyond the amount advanced, the heirs were entitled to the money. The decision does not conflict with the rule stated by us that under the rules shown in this case the member during life has no property interest in the benefit, but only the power to appoint a beneficiary among the class designated by the laws of the order. That right R. B. Coleman (the assured) still has, and there is nothing in the record to show that he is in anywise hindered or obstructed in its exercise by the defendant's possession of the certificate. He still has power to change the beneficiary at will, and does not make it appear that the delivery of the paper is essential to the exercise of that right, nor even intimate that he desires its possession for such a purpose."

In that case the suit was for the possession of the certificate which was held by the defendant Anderson as pledgee, he having advanced money upon it.  In the present case the assured, H. C. Hedrick, is alive, and the certificate is in the hands of the subordinate lodge, who were in the act of making the change in the beneficiary therein, as requested by Hedrick, and which change would have been made but for the injunction sued out in this case.

Counsel for appellee also rely upon the recent case of Kelly v. Searcy, 100 Texas, 566.  This last case, we think, is but a re-enunciation of the principle decided in Coleman v. Anderson, supra. In the case of Kelly v. Searcy, supra, the contention was over the right of the guardian of the minor children of the assured to the insurance money as against Kelly, who had paid out a considerable amount of money to keep the certificate alive upon a contract be-

tween himself, the assured and the beneficiaries, he holding said certificate as pledgee under said contract. It was merely held in that case that Kelly had such an equity in the fund that his rights could not be defeated, and he was allowed to recover the amounts that he had paid upon said certificate.

We conclude under the authorities heretofore cited that appellants had a clear legal right to change said certificate, and it was their duty so to do, upon an application therefor by the member, H. C. Hedrick.

Believing that the court below, in the light of the authorities cited, erred in perpetuating the injunction, and holding that appellants had no right to change said certificate, we therefore sustain appellants' assignments of errors, and now here reverse the case and render judgment in favor of appellants.

*Reversed and rendered.*

Application for writ of error dismissed for want of jurisdiction.