CONNECTICUT MUTUAL LIFE INSURANCE COMPANY

*v.*

ADRIANNA S. FIELDS, executrix, &c., et al.

[Submitted August 5th, 1916.   Decided August 8th, 1916.]

Under the law of New York governing an alleged gift *inter vivos* of a policy of life insurance, the delivery, whether actual or constructive, must be such as to divest the possession and title of the donor beyond his power to recall and to vest the donee with the control and dominion over the subject-matter of the gift, so that, where neither the policy nor the assignment thereof was delivered to the alleged donee or to anyone for her, but the donor retained possession of them and control over the policy and its proceeds and paid the premium, there was no completed gift of the policy.

*Messrs. Griggs & Baldwin,* for the complainant.

*Messrs. Vredenburgh, Wall & Carey,* for the defendants-claimants, Charlotte A. Cocks, Estelle Butts and John J. Fields.

*Messrs. King & Vogt,* for the defendant-claimant, Adrianna S. Fields, executrix.

FOSTER, V. C.

This is a bill of interpleader filed to have determined to whom the amount of an insurance policy for $5,000, issued by complainant on the life of John J. Fields, should be paid.

Decree was entered in favor of complainant on February 20th, 1916, and the fund was directed to be paid into court. The facts established on the hearing are that on May 28th, 1866, the Connecticut Mutual Life Insurance Company issued to John J. Fields a policy of life insurance for $5,000, payable to his estate, in consideration of an annual premium of $192, which was regularly paid up to and including the year 1910.

. Mr. Fields died on March 27th, 1910. After his death the
policy of insurance was found in the safe in his home at Schoo-
ley's Mountain, in this state, and to it there was attached by a
pin a paper which read as follows:

"W. S. Dunham.                                        Geo. Sherman.
                "CONNECTICUT MUTUAL LIFE INSURANCE CO.
                        "Assets—$35,000.00.
                "Dunham & Sherman, General Agents,
                        "194 Broadway,
                                        "NEW YORK, Sept. 4, 1874.
"In consideration of One dollar to me in hand paid the receipt whereof
is hereby acknowledged I hereby assign, transfer and make over unto
my wife Ann Fields the policy of insurance issued by the Connecticut
Mutual Life Insurance Company on my life May 28th, 1866, and num-
bered 57366.
"Witness                                        ·"J. J. FIELDS.
        "GEO. SHERMAN."

The Ann Fields mentioned in this paper was the first wife of
John J. Fields, and the defendant Adrianna S. Fields was his
second wife, and is the executrix of his last will and testament.

Ann Fields died November 11th, 1902, intestate, at her home
in Brooklyn, New York, where Mr. Fields was living when the
policy was issued in 1866, and where he continued to reside for
a number of years thereafter. She was survived by her husband
and three children—Charlotte A. Cocks, Estelle Butts and John
J. Fields—parties defendants and claimants to the fund, by
virtue of the above-mentioned paper, which they claim assigned
the policy to their mother. The defendant Adrianna S. Fields
claims the fund as executrix of Mr. Fields' will and as part of
his estate.

In 1874, Mr. Fields was in financial difficulties and he sur-
rendered all his life insurance policies except the one in ques-
tion, and at this time Mrs. Cocks heard him tell her mother,
speaking of this policy: "Mother, I leave you this; I will hold
up this life insurance for you and the children; it is about all
that will be left to take care of you if the crisis comes." And
later he told her, "You will have something left when I am
gone," and "Mother, I have kept the life insurance for you and
the children; I am afraid that will be all that will be left for
you."

There was no evidence of the actual delivery of the policy, or of the paper purporting to assign it, to Mrs. Ann Fields, or to anyone for her.

It was stipulated at the hearing that George Sherman, whose name appears as subscribing witness to the signature of John J. Fields on the above-mentioned paper, was the general agent of the complainant at the time, and that he died on May 1st, 1877.

And it was further agreed that the policy, by its terms, did not require that the insurance company should be advised of any assignment of it. And it does not appear that the company was advised of this attempted assignment.

Counsel for all parties agree that as all the transactions relating to the issuance of the policy, and the attempted assignment and gift of it, took place in New York, the validity of the assignment and gift is governed by the law of that state.

On behalf of the claimants Charlotte A. Cocks, Estelle Butts and John J. Fields, it is contended that the paper signed by Mr. Fields, in the presence of Mr. Sherman, on September 4th, 1874, is a valid assignment of the policy, and that the proceeds thereof are therefore payable to them as the next of kin and representatives of their mother, Mrs. Ann Fields, the assignee of the policy. The argument supporting this contention is, that although it was not necessary to notify the company of the intended assignment, Mr. Fields took the precaution to bring the general agents of the company into the transaction, by writing the assignment on one of their letter-heads, and by having Mr. Sherman, one of the general agents, witness his signature thereto. From this it is assumed the company had notice of the assignment, and that such notice constituted a constructive delivery of the policy and assignment and made the gift thereof complete.

The answer to this is, that there is nothing in the record to show that Mr. Sherman had the slightest knowledge of the contents of the paper to which he put his name as a subscribing witness; and if it be assumed that he had such knowledge, there is nothing to show that his agency was of such nature that knowl-

edge to him as agent would import such knowledge to his prin-
cipal, the insurance company.

It is conceded by counsel for all the parties that delivery is a
necessary requisite of a valid gift *inter vivos,* and that such de-
livery may be actual or constructive; and, as it is admitted that
no actual delivery was made in this case, the three children of
Mrs. Ann Fields must establish a constructive delivery of the
policy and assignment as the basis for their claims to this fund.

In support of their contention, counsel for these claimants
has referred me to the following New York cases: *Hurlbut* v.
*Hurlbut, 49 Hun 189,* which holds that where the owner of a
life insurance policy formally assigned all his interest therein to
his daughter, at the office of the company's agent, and the as-
signment was forwarded to the company, and the policyholder
notified his daughter of the assignment and that he had at-
tached it to the policy, the interest in the policy vested in the
daughter and she could recover from the company on the death
of her father, though the policy and assignment had not been
delivered to her.

In this case the court further held:

"It is not necessary that the delivery of the thing intended
to be given should be made directly to the person intended to
receive or be invested with the gift, but it may be made to
another person for him, when that is done so as to divest the
possession and title of the donor. *Young* v. *Young, 80 N. Y.
422, 430.* And what took place concerning this insurance seems
to have been attended with that effect. *Hutchings* v. *Miner, 46
N. Y. 456.*"

The case of *McDonough* v. *Athens Life Insurance Co., 178 N.
Y. Supp. 217,* holds that where an assignment of a life insur-
ance policy is filed with the company, it is not necessary for the
assignment to be delivered to the assignee; and, it is claimed
that under the doctrine of this case, the lodging of the assign-
ment with the company amounts to a constructive delivery to
the assignee, or in the language of the court: "If that was the
only delivery (the filing of the assignment with the company)
it would be a good delivery, being for the benefit of the assignee."

My attention has also been directed to cases in Maryland, Illinois and in other states, and in the federal courts, to the same effect.

All of these cases, and the cases of *Beaver* v. *Beaver, 117 N. Y. 421; Olmstead* v. *Keyes, 85 N. Y. 593; St. John* v. *Insurance Company, 13 N. Y. 31; In re Parson's Estate, 51 Misc. 370; Young* v. *Young, 80 N. Y. 422; In re Crawford, 113 N. Y. 560; Huestis* v. *Prudential Life Insurance Co., 127 N. Y. App. Div. 903,* and others to which my attention has been di-. rected by counsel for the executrix, not only recognize delivery as an essential element of a valid gift *inter vivos,* but hold that the delivery of the gift, whether actual or constructive, must be such as to divest the possession and title of the donor beyond his power to recall, and to vest the donee with the control and dominion over the subject-matter of the gift.

No such delivery has been established in this case; the company was never notified of the attempted assignment of the policy to Mrs. Ann Fields; neither the policy nor the assignment was delivered to her, or to anyone for her; Mr. Fields retained possession of the policy and of the assignment, and retained control over the policy and its proceeds; he paid the premium annually, and it was always within his power to cause the policy to lapse by the non-payment of the premium, or by the violation of some of its provisions. Whatever his intentions may have been, he never divested himself of the possession and title to the policy beyond his power to recall; and, in consequence, he never completed the gift of the policy to his wife. It follows, therefore, that as the policy was not effectually assigned, the amount of it should be paid, according to its terms, to his estate.

A decree will be advised directing the payment of the fund to the defendant Adrianna S. Fields, as executrix of the estate of John J. Fields, deceased.